IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLAS KENNETH TRAMMELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 16-764-GMS |
| ) | |
| COURT OF COMMON PLEAS SUSSEX ) | |
| COUNTY COURTHOUSE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

The plaintiff, Nicholas Kenneth Trammell ("Trammell"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit on August 30, 2016. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## I. BACKGROUND

Trammell alleges that he is in need of executive compensation for unlawful corporate governance by a government corporate place or business when, on December 30, 2015, double jeopardy was committed. Trammell alleges that double jeopardy occurred when he pled guilty to a charge of theft when he was on probation for two charges of theft. He alleges that the sentences he received were improper. Trammel seeks compensatory and punitive damages, as well as dismissal of all criminal charges, a record deal, records, medical marijuana, the ability to purchase cigarettes, the ability to wear street clothes in prison and to order pizza and receive commissary every day, among other requests.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Trammell proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule

2

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Trammell leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Trammell has named a defendant who is immune from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished). Following the reasoning of the Third Circuit in *Benn v. First Judicial Dist. of Pa.*, the court concludes that the Court of Common Pleas is a state entity and, thus, immune from suit. *Benn*, 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity).

In addition, after thoroughly reviewing the complaint and applicable law, the court draws on its judicial experience and common sense and concludes that the claims raised by Trammell are frivolous. Therefore, the court will dismiss the complaint as frivolous and based upon the Court of Common Pleas immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii) and 1915A(b)(1), (2). Finally, to the extent Trammell attempts to raise supplemental state claims, because the complaint fails to state federal claims, the court declines to exercise jurisdiction over any supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## IV. CONCLUSION

The court will: (1) dismiss the complaint as legally frivolous and based upon the defendant's immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii) and § 1915A(b)(1), (2); (2) dismiss all pending motions as moot (D.I. (D.I. 8, 11, 12, 13, 14); and (3) decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In light of the nature of Trammell's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson*, 293 F.3d at 111; *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

___Dec 5___, 2016
Wilmington, Delaware

5